# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TONYA EVETTE RHODES,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>AT-0752-12-0316-I-1<br><br><br>DATE: April 26, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tonya Evette Rhodes</u>, Seffner, Florida, pro se.

<u>Kristin Langwell</u>, Esquire, St. Petersburg, Florida, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which reversed the agency's chapter 75 removal action. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     Effective February 15, 2012, the agency removed the appellant from her position as a GS-12 Veterans Service Representative (Rating) based on the charge of false reporting.  Initial Appeal File (IAF), Tab 7 at 27, 29-31, 140-47.  The appellant appealed her removal to the Board.[2]  IAF, Tab 1.  Following a hearing on the matter, the administrative judge issued a March 15, 2013 initial decision reversing the agency's removal action, concluding that the agency had failed to prove its charge by preponderant evidence.  IAF, Tab 48, Initial Decision (ID) at 1-2, 16.  The administrative judge also concluded that the appellant had failed to prove her affirmative defenses of retaliation for prior protected equal employment opportunity (EEO) activity and race discrimination.[3]  ID at 13-15. She ordered the agency to cancel its removal action and to retroactively restore the appellant to her position and to provide her with appropriate back pay.  ID at 16.  The administrative judge notified the appellant that the initial decision would become final on April 19, 2013, unless a petition for review was filed by that date.  ID at 18.  The appellant did not file a petition for review of the initial decision; however, on July 30, 2013, she filed a petition for enforcement, alleging that the agency had failed to comply with the administrative judge's order as set forth in the March 15, 2013 initial decision.  *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-C-1, Compliance File, Tab 1 at 1-3.

[2] In our review of the record, we determined that IAF, Tab 28, which was subject to an in camera review by the administrative judge because of the agency's concerns regarding the Privacy Act, IAF, Tab 27 at 7-8, was inadvertently made part of the official record.  Because the administrative judge determined that the appellant was not entitled to receive the documents contained therein, IAF, Tab 32 at 2, and because the documents are not relevant or necessary to the adjudication of this appeal, *see* 5 U.S.C. § 552a(e)(1), we hereby remove IAF, Tab 28 from the record and return the documents contained therein to the agency.

[3] The administrative judge declined to analyze the appellant's claim of harmful procedural error, explaining that the claim had been rendered moot by the agency's failure to prove its charge.  ID at 16.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3      Approximately 8 years later, on March 5, 2021, the appellant submitted to the Board a filing that was initially docketed as a second petition for enforcement. *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-C-2, Second Compliance File (CF), Tab 1. On March 19, 2021, the administrative judge dismissed the petition for enforcement. CF, Tab 7, Compliance Initial Decision (CID) at 1-2. In so doing, she explained that the appellant's filings had raised matters previously addressed in (1) the March 15, 2013 initial decision regarding the agency's chapter 75 removal action and (2) the compliance proceeding already pending before the Board. CID at 2. Accordingly, she forwarded the matter to the Office of the Clerk of the Board for docketing (1) as a petition for review, and (2) for inclusion and consideration in the appellant's compliance proceeding, i.e., *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-X-1. *Id.* Here, we construe the appellant's submissions as a petition for review of the administrative judge's March 15, 2013 initial decision.

¶4      In her filings, the appellant asserts that, subsequent to the initial decision, she prevailed in an EEO claim against the agency. Petition for Review (PFR) File, Tab 1 at 4, Tab 3 at 3. She also avers that she has continued to experience "harassment, disparate treatment, and offensive conduct from the [a]gency." PFR File, Tab 1 at 4. The appellant provides numerous documents, to include medical records, email correspondence with agency officials, financial information, and documents that were part of the record in her chapter 75 removal appeal, *e.g.*, PFR File, Tab 1 at 17-39, Tab 2 at 10-36.

¶5      Following its receipt of these filings, the Office of the Clerk notified the appellant that her petition for review was untimely and explained that she must file a motion asking the Board to accept the petition for review as untimely and/or to waive the time limit for good cause. PFR File, Tab 4 at 2. In response, the

appellant has filed a motion explaining that she received a favorable EEO decision on May 28, 2015, and she provides a copy of the subject decision. PFR File, Tab 5 at 4, 6-9. She avers that the EEO decision ordered disciplinary action for the same management officials who sought her removal in 2012. *Id.* at 4-5. The appellant also references and provides a medical letter dated February 7, 2012, wherein a physician indicated that the appellant's work environment had caused her "a significant level of psychological distress" and recommended that she be "taken out of work" as of February 3, 2012.[4] *Id.* at 4-5, 10. Although unclear, the appellant ostensibly asserts that she became aware of the May 28, 2015 EEO decision during the "filing/dismissing of [her] lawsuit for EEO in 2020." *Id.* at 5. The agency has not responded to the appellant's motion.[5]

¶6        A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of the issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on March 15, 2013, and sent to the appellant electronically the same day. IAF, Tab 49 at 1. The appellant does not allege that she did not receive the initial decision within 5 days of its issuance; indeed, she acknowledges that she received the same "on or around March 15, 2013." PFR File, Tab 5 at 4. Accordingly, her petition for review is untimely by approximately 8 years. *See* 5 C.F.R. § 1201.114(e).

¶7        The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g).

---

[4] The appellant also provides with her motion a September 21, 2010 email indicating that she was nominated for the Fall 2010 "Employee of the Quarter Honor Roll." PFR File, Tab 5 at 11.

[5] Following the submission of her motion, the appellant attempted to submit another pleading, which the Office of the Clerk rejected and returned to her because it failed to comport with Board regulations. PFR File, Tab 6 at 1-2.

To establish good cause for an untimely filing, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

¶8        Here, we find that the appellant has not demonstrated good cause for the untimely filing of her petition for review. To this end, her 8-year filing delay is significant; indeed, the Board has previously found delays of a much shorter duration not minimal. *See, e.g.*, *Dean v. U.S. Postal Service*, 100 M.S.P.R. 556, ¶ 5 (2005) (finding a 6-month delay not minimal); *Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding a 1-month delay not minimal). The appellant's pro se status alone does not excuse this lengthy delay. *See May v. U.S. Postal Service*, 108 M.S.P.R. 557, ¶ 10 (2008) (finding that the appellant's pro se status did not excuse his lengthy 8-year filing delay).

¶9        Moreover, the argument contained in the appellant's petition for review and supplements thereto does not establish good cause for her untimeliness.[6] To this

---

[6] We acknowledge that the appellant has provided medical evidence indicating that she has experienced periods of decompensation. PFR File, Tab 1 at 18, Tab 5 at 10. However, the record reflects that the appellant has nonetheless continually and meaningfully participated in the compliance matter pending before the Board throughout the 8-year period between the issuance of the March 15, 2013 initial decision and the filing of her petition for review. Thus, we find that she has failed to demonstrate good cause for her untimely filing on the basis of illness, or mental or physical capacity. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998); *see also Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 8 (2007).

end, the appellant seemingly argues that two documents warrant review of the initial decision, i.e., a 2012 medical record and a 2015 EEO decision. PFR File, Tab 5 at 4-5. The appellant, however, has not shown that her 2012 medical record was previously unavailable to her despite her due diligence. *See Wilson v. General Services Administration*, 15 M.S.P.R. 45, 47 (1983) (finding that the appellant had not shown good cause for his untimeliness because, among other things, he failed to show that the "new" information on which he relied was unavailable, despite due diligence, before the record closed). Moreover, although the May 28, 2015 EEO decision was issued subsequent to the initial decision, the appellant did not file her petition for review until March 2021, some 5 years later; thus, she has failed to show that she acted promptly upon learning of the apparent basis of her petition for review. *See Maples v. Defense Logistics Agency*, 31 M.S.P.R. 667, 670 (1986) (explaining that the appellant was obligated to exercise due diligence in pursuing his appeal in a timely manner once he had reason to believe that he had a basis to seek review), *aff'd*, 824 F.2d 980 (Fed. Cir. 1987) (Table). To the extent the appellant asserts that she was unaware of the 2015 EEO decision until 2020, PFR File, Tab 5 at 5, a different outcome is not warranted. Indeed, even assuming that the appellant was somehow unaware of the decision in her EEO matter until December 31, 2020, she nonetheless failed to file her petition for review until March 2021, at least 3 months after she admittedly learned of the same. *See Cassidy v. U.S. Postal Service*, 65 M.S.P.R. 86, 89 (1994) (finding that an appellant who delayed filing his petition for review for 5 weeks after becoming aware of the alleged grounds for requesting review failed to show good cause for his untimely petition).

¶10 Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the agency's removal action.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.